IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ESMERVI CARONE RODRIGUEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | 2:22-CV-0186-D-BR |
| | § | (2:18-CR-0128-D) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the court is the motion of Esmervi Carone Rodriguez under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having made the review required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, for the reasons that follow, the motion should be DISMISSED.

### I.   UNDERLYING FACTS AND PROCEEDINGS

The record in the underlying criminal case reflects the following:

On October 25, 2018, Movant was named in a two-count indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). (ECF[1] 15). On October 26, 2018, Movant entered a

---

[1] The "ECF" references are to the number of the item on the docket in the underlying criminal case, No. 2:18-CR-128-D.

1

plea of not guilty. (ECF 19 & 22). The Court granted the government's motion to dismiss count one of the indictment. (ECF 47). Movant was tried by a jury and found guilty as charged in count two of the indictment. (ECF 62).

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38 because the offense involved 4.5 kilograms or more of "Ice." (ECF 70-1, ¶ 15). The PSR reflected that Movant had no history of mental or emotional health problems, and had never been treated for such issues. (*Id.* ¶ 36). Based on a total offense level of 38 and a criminal history category of I, Movant's guideline imprisonment range was 235 to 293 months. (*Id.* ¶ 56). Movant filed objections, (ECF 74), and the probation officer prepared an addendum to the PSR rejecting the objections. (ECF 76-1).

On November 6, 2019, the Court sustained Movant's objection to the PSR, granting him a role adjustment and additional four-level decrease in offense level, and sentenced Movant to a term of imprisonment of 151 months. (ECF 81). Movant appealed. (ECF 84). On September 14, 2020, the United States Court of Appeals for the Fifth Circuit affirmed the judgment and sentence. *United States v. Rodriguez*, 821 F. App'x 371 (5th Cir. 2020); (ECF 102). On October 4, 2021, the United States Supreme Court denied Movant's petition for writ of certiorari. *Rodriguez v. United States*, 142 S. Ct. 121 (2021); (ECF 105).

On September 26, 2022, Movant filed his § 2255 motion. (ECF 108). The motion, which is not verified, was signed by Darlene Barror, an attorney whose office is in Tampa, Florida, who is not admitted to the bar of this Court. (ECF 108; ECF 106). The Court granted her leave to proceed *pro hac vice*, but noted that her designated local counsel did not meet the requirements of LCrR 57.10(a) of the Local Criminal Rules of the United States District Court for the Northern District of Texas. (ECF 107).

Movant raises three grounds in support of his motion. First, Movant was never evaluated for competency. (ECF 108 at 4). Second, Movant's cooperation and other mitigating factors were not considered at sentencing. (*Id.* at 5). And, third, Movant received ineffective assistance of counsel because his attorney: (a) never tried to locate Movant's employer; (b) never attempted to seek protection for Movant's wife and child in exchange for his cooperation or plea; and (c) failed to pursue the issue of competency. (*Id.* at 6–7).

## II.  APPLICABLE STANDARDS OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### III. ANALYSIS

Movant's first ground is wholly unsupported and conclusory. He simply makes the statements that he "has suffered from mental health issues since before his trial took place in 2019" and that he "believed that his lawyer told him that if he didn't plead guilty he would be arrested."

(ECF 108 at 5). He does not explain what relevance the second allegation has to this ground. That he "suffered from mental health issues" could mean anything or nothing at all. In any event, the record establishes that Movant had no history of mental or emotional health problems, and had never been treated for such issues. (ECF 70-1, ¶ 36). His conclusory allegation to the contrary does not entitle him to a hearing, much less to any relief. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

In his second ground, Movant argues that, contrary to the government's allegation at sentencing, he did cooperate with the government, despite being fearful that his cooperation could potentially put his wife and child in danger. And, he alleges that another pertinent mitigating factor not considered at sentencing was that he had rescued an individual while in custody. (ECF 108 at 5–6). The allegations are wholly conclusory and fail to state a ground for relief. In any event, they are belied by the record, which reflects that Movant's counsel explained Movant's lack of cooperation and reasons therefor. (ECF 98 at 35–36). In addition, Movant himself told the Court during allocution about caring for another inmate. (*Id.* at 39). Finally, even if there was some conceivable merit to this ground, the matter should have been raised on appeal and cannot be pursued here.

In his third ground, Movant makes the conclusory allegation that he received ineffective assistance of counsel based on the first two grounds and the allegation that counsel never tried to locate Movant's employer or present him as a witness. (ECF 108 at 6–7).

Movant provides no hint of why locating his employer and presenting him as a witness would have made any difference whatsoever to the outcome of the case. One who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir.

5

1989). In particular, complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, Movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Besides giving the name "Armando," Movant has not made any attempt to meet his burden.

In addition, Movant alleges that he was fearful for the safety of his wife and son while he was negotiating a plea, but counsel never attempted to receive protection for Movant's wife and child. As Movant's counsel explained at sentencing, Movant chose not to cooperate and did not reveal any useful information to law enforcement. That was his choice based on his fear of retaliation. He could have received a lower sentence had he chosen to cooperate. (ECF 98 at 36–37).

As previously stated, there is no evidence to support the contention that counsel should have raised the issue of Movant's competency. That Movant knew exactly what he was doing is clear from the record.

In sum, Movant has not overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. His conclusory allegations are insufficient to meet the test. *Miller*, 200 F.3d at 282.

## IV.  RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion filed by Esmervi Carone Rodriguez be DISMISSED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 17, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).